STATE, EX REL. MARZIALE ROBIBERO, RELATOR, v.
THOMAS J. HILLERY, DEFENDANT.

Argued October 7, 1947—Decided April 23, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the relator, *Major & Carlsen.*

For the defendant, *Eugene F. Hillery.*

The opinion of the court was delivered by

DONGES, J.   Application was made for leave to file an information in the nature of a writ of *quo warranto* to test the right of defendant to have, use and enjoy the office of Mayor of the Town of Boonton.   A rule to show cause was allowed on July 7th, 1947, and, in lieu of depositions, the parties stipulated certain facts.   It appears that relator is a resident, taxpayer and voter of said municipality; that the Town of Boonton was incorporated by special act of the legislature in 1867, which act was amended in 1872, and further amended by *R. S.* 40:123–1, *et seq.;* that the town has a mayor, which office was held from January 1st, 1946, to January 1st, 1948, by defendant Thomas J. Hillery; that in November, 1946, said Hillery was elected a member of the General Assembly of the State of New Jersey and qualified

as such on January 14th, 1947; that on March 4th, 1947, an ordinance was introduced increasing the number of plenary retail distribution licenses from four to five, which ordinance was passed on March 18th, 1947; that said Hillery, acting as mayor, vetoed said ordinance; that no steps have been taken to test directly the validity of said ordinance; and that the only question to be decided is the right of said Hillery to act as mayor after being elected to and taking office as a member of the Assembly.

It is urged that the holding of both offices was in violation of the Constitution (article 4, section 5, paragraph 3) which provides, "No justice of the supreme court, nor judge of any other court, sheriff, justice of the peace * * * shall be entitled to a seat either in the Senate or the General Assembly; but on being elected and taking his seat, his office shall be considered vacant; * * *."

The relator brings the action as a citizen and taxpayer and not as one claiming any right to the office. We think there is doubt as to the claim of relator, but as was said in *Klair* v. *Bacharach*, 10 *N. J. Mis. R.* 448, "this court has a wide discretion in granting or withholding its permission to a desiring relator, who makes no claim to the office, in cases of this kind, even where a good objection to the title of the person whose right is called in question is shown. *Mitchell* v. *Tolan*, 33 *N. J. L.* 195; *Houseman* v. *Earle*, 98 *Id.* 379; *Mulsoff* v. *Sloat*, 8 *N. J. Mis. R.* 554; *Riehl* v. *Wynne*, 105 *N. J. L.* 507. * * *

"In a case of this kind, the public interest will be considered above the claim of a right asserted by a citizen to oust an incumbent of an office."

In the instant case the defendant was a candidate for and duly elected to the Assembly in November, 1946, and took his office in January, 1947. No question of his right to continue as Mayor of Boonton was raised until after his veto of an ordinance, which action evidently displeased relator. No action was taken for some months after the qualification of defendant as a member of the Assembly. If the leave sought were granted there is possibility that other persons might

challenge the validity of other ordinances or some action of the mayor, and much litigation and embarrassment to the local government would result.

As was said in *Van Riper* v. *Parsons*, 40 *N. J. L.* 123, "If we were considering whether we would grant leave to file an information, the case of *State, ex rel. Mitchell* v. *Tolan*, 4 *Vr.* 195, would be directly to the effect that our inquiry should be nothing more nor less than, conceding the defendants' title to be bad, will the public interests be injuriously affected by a successful prosecution of proceedings to oust them from their offices? Upon that question, at this juncture, there could be but one decision; the consequences being the evils that would flow from the want of local government in a large city, permission would be refused."

Upon consideration of the entire situation presented, we conclude that the application for leave to file an information must be denied. The rule to show cause is discharged, with costs.